**SERVICE MUT. LIABILITY INS. CO. v. UNITED STATES et al.**

**H. B. CHURCH TRUCK SERVICE CO. v. SAME.**

Nos. 4400, 4401.

District Court, D. Massachusetts.

Jan. 22, 1937.

Brown, Field & McCarthy, LaRue Brown, and Horace P. Moulton, all of Boston, Mass., for plaintiffs.

Elmer B. Collins, Sp. Asst. to Atty. Gen., Robert M. Cooper, Sp. Atty., Department of Justice, and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, both of Washington, D. C., John Dickinson, Asst. Atty. Gen., and Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., for defendants.

Before MORTON, Circuit Judge, and McLELLAN, and SWEENEY, District Judges.

MORTON, Circuit Judge.

These are two suits, the first by the Service Mutual Liability Insurance Company, the second by the H. B. Church Trust Service Company, to enjoin an order of the Interstate Commerce Commission. They were heard together before a court of three judges on motions for preliminary injunctions. The defendant has moved to dismiss. It was agreed that the bill with its exhibits might be taken as an affidavit stating the facts; there is no dispute about them. The grounds on which the order in question is attacked are, (1) that it is not within the statutory authority of the commission, and (2) that if it be within such authority, the statute is unconstitutional. The trucking company is engaged in transporting merchandise in interstate commerce by use of trucks. Its head office is in Boston. The insurance company writes liability insurance on motortrucks. It insures the trucking company. Its premiums from this sort of business constitute a substantial part of its gross income. It is a mutual company not authorized to do business in other states than Massachusetts.

By the Motor Carrier Act of 1935 (approved August 9, 1935 [49 U.S.C.A. § 301 et seq.]), common carriers in interstate commerce by motortruck are not permitted to do business without obtaining a certificate from the commission (section 206(a) of the act (49 U.S.C.A. § 306(a); no such certificate is to be issued "unless such carrier complies with such reasonable rules and regulations as the Commission shall prescribe governing the filing and approval of surety bonds, policies of insurance," etc. Section 215 (49 U.S.C.A. § 315). The commission is authorized to establish "such just and reasonable rules, regulations, and requirements, consistent with the provisions of this part [chapter], to be observed by the carriers or brokers so classified or grouped, as the Commission deems necessary or desirable in the public interest." Section 204(c) of the act (49 U.S.C.A. § 304(c).

Under this statute, the commission passed rules which provided that no certificate or permit should be issued to a motor carrier until there had been filed with the commission and approved by it a surety bond or policy of insurance, conditioned to pay any final judgment recovered against the motor carrier for personal injuries or death or property damage resulting from the negligent operation of its vehicles; and also to pay shippers or consignees for property belonging to them lost or damaged in transportation. There are provisions for self-insurance with which we are not concerned. The rule here in question is rule VIII which is as follows:

"Policies of insurance as amended by the endorsements provided by these rules covering bodily injury liability, property damage liability, and cargo liability must be written by insurance companies legally authorized to transact business in each State in which their policies cover the operations of the insured motor carrier, except that more than one policy of insurance may be used in cases where, in the judgment of the Commission, the territorial operations of such carriers warrant separate coverage on separate portions of their routes or territories."

As the plaintiff insurance company is not authorized to do business in other states than Massachusetts, it cannot under this rule insure the plaintiff trucking company on its interstate business. The plaintiffs allege as above stated that this rule is not within the statutory authority of the commission; and that if it is within such authority, the statute is unconstitutional.

There is great doubt whether the insurance company has standing to attack the rule; but as it seems clear to us that no case is stated on the merits, we pass this question. Moffat Tunnel League v. United States, 289 U.S. 113, 53 S.Ct. 543, 77 L.Ed. 1069; Sprunt & Son v. United States, 281 U.S. 249, 50 S.Ct. 315, 74 L.Ed. 832.

The plaintiff's first point is that the commission is without statutory authority to deal with the qualifications or the standard

of eligibility and responsibility of insurance companies. The authority of the commission to require protection in the nature of insurance for the benefit of the public and of shippers and consignees is given by the statute, which also gives the commission power to make reasonable rules and regulations governing the filing and approval of surety bonds or policies of insurance. Irresponsible insurance would be of little value and when the commission decided to require insurance, it was clearly reasonable to make provision that it should be written by responsible insurers. Otherwise the entire purpose of section 215 (49 U.S.C.A. § 315) might be nullified by insurance which would be of no value. Nor do we doubt, in view of the plenary authority of Congress over interstate transportation, that it had power to authorize the commission to require interstate carriers by motortruck to furnish such protection to the public and to their shippers and consignees. United States v. Ferger, 250 U.S. 207, 39 S.Ct. 447, 63 L.Ed. 941; Atlantic, etc., Ry. Co. v. Riverside Mills, 219 U.S. 186, 31 S.Ct. 164, 55 L.Ed. 167, 31 L.R.A.(N.S.) 7.

The next point made by the plaintiffs is that rule VIII constitutes an unlawful and unconstitutional delegation of authority by the commission to the Legislatures and insurance commissioners of the various states. The commission having the right to require insurance by financially responsible insurers undertook to do so. It might have performed this duty by setting up its own organization to pass upon each insurer which was offered. But the states were already doing that work with respect to insurance companies authorized to do business within their borders. The commission might reasonably think that insurance by a company authorized to do business in any given state would be adequate security there under section 215. The commission did not undertake to delegate to the state its own right of examination and approval. It said in effect that as to operation within any given state, it would accept companies approved by that state. We do not see that this involved any improper "delegation" to the states of the commissioner's power, or was an unreasonable way of dealing with the matter. Highway accidents are governed by local laws which differ from state to state. In some states the insurer can be proceeded against directly; in others not. It is certainly not unreasonable to require that the insurance be available to the person injured in the jurisdiction in which the injury was inflicted. It is not suggested that the rule puts the motor carrier to any practical difficulty in obtaining insurance. The carrier is free to deal with the local companies in each state or with a single company authorized to do business in all the states through which the carrier operates. The regulation is clearly within the general scope of the power conferred by the commission; and it does not appear that in its practical operation it will be arbitrary or unreasonable.

The final contention is that the order is premature under section 206(a) and section 209(a) of the act, 49 U.S.C.A. §§ 306 (a), 309(a). Under section 206(a) motor carriers already in business at the time when the act went into effect are entitled to a certificate without proof of public necessity and convenience provided application is made by a certain time and pending the application the continuance of operation is lawful. There are similar provisions for contract carriers under section 209(a). It is contended that pending such an application the commission has no power to require insurance under section 215 because the operation is not under a certificate or permit issued by the commission, but is under the terms of the statute. We think this altogether too literal a construction. The purpose of the act plainly is that from its operative date interstate transportation by motor carrier shall be under control of the commission. We think the control as to matters of operation given by section 215 was intended to come into existence concurrently with the authority of the commission in the matter.

The motions for preliminary injunctions are denied and it clearly appearing that the plaintiffs have no case on the merits in each case a decree will be entered dismissing the bill. Castner v. Coffman, 178 U.S. 168, 20 S.Ct. 842, 44 L.Ed. 1021.